*Northern District*
No. 6392

## MARION M. FOLEY
and
## ROBERT E. FOLEY

v.

## FIRST NATIONAL STORES, INC.
and
## ROBERT P. TARR

Argued: March 8, 1967    Decided: May 3, 1967

*Present:* Brooks, P.J. and Connolly, J.

Case tried to *Yesley, J.* in the District Court of Newton No. 5916

*\*Connolly, J. This is an action of tort for slander.* The declaration is in two counts. Count 1 is against the defendant corporation and Count 2 is against the individual defendant who was the manager of the defendant corporation. Both counts are substantially the same and allege that the defendant manager slandered the plaintiff accusing her of the crime of larceny by cashing bad checks, by words spoken to and of the plaintiff substantially as follows: "We can't cash any check for you because of bad checks given by you."

In their answers, both defendants denied each and every allegation in the writ and declaration and further said that the actions of the defendants were justified under the circumstances which prevailed at the time and place in question. The answers further said that even if it appears that the defendant uttered and published the alleged statements, said statements were made without malice and were privileged statements made on a privileged occasion.

Each defendant seasonably filed 39 requests for rulings. Both sets of requests were the same. Included in these requests were the following:

> (17) If the statements of the defendant, as alleged in the declaration, were made in good

faith, in the belief that they were true, and with no actual malice or recklessness, in relation to a matter in which the defendants were immediately and justifiably concerned, the statements were privileged statements and made on a privileged occasion. *Bander* v. *Metropolitan Life Ins. Co.*, 313 Mass. 337, 343.

(18) A communication made by a person immediately concerned in interest in the subject matter to which it relates for the purpose of protecting his own interest, in the belief that the communication is true and without any malicious motive or recklessness is privileged. *Brow* v. *Hathaway*, 13 Allen 239.

(19) The evidence is uncontradicted that alleged statements made to the plaintiff, Marion M. Foley, were made by the defendants as an explanation of why her check was not being cashed by the defendants as a courtesy.

(20) As a matter of law, the uncontradicted evidence disclosed that the alleged slanderous statements to Marion M. Foley by the defendant were conditionally privileged.

(22) The burden is upon the plaintiff, Marion M. Foley, to show by a fair preponderance of the credible evidence that the conditional privilege of the defendants was destroyed. *Bander* v. *Metropolitan Life Ins. Co.*, 313 Mass. 337, 344; *Petition of Retail Commercial Agency, Inc.*, 342 Mass. 515.

(24) The burden is upon the plaintiff, Marion M. Foley, to establish by a fair preponderance of the credible evidence that any slanderous statements made by the defendants were made with actual malice, or that any such statements were made recklessly and without reasonable grounds for so doing or probable cause for so doing. *Pet. of Retail Commercial Agency, Inc., supra.*

(26) In satisfying the burden of proof as to actual malice, the plaintiff must establish by a fair preponderance of the credible evidence that any slanderous statements made by the defendants were motivated by hatred or ill will. *See Citation above.*

(27)   In satisfying the burden of proof as to statements made by the defendants recklessly and without reasonable grounds for so doing or probable cause for so doing, the plaintiff must establish by a fair preponderance of the credible evidence that any such statements were uttered as a result of "more than mere negligence or want of sound judgment" and "more than haste or mistaken action." *See Citation above.*

(28)   If the occasion upon which the utterances alleged to be slanderous were made was a privileged one and the defendant was acting under the privilege created by the occasion, a defense is made out, even if what was said was not in fact true. *Doane* v. *Crew*, 220 Mass. 171, 176; *Pet. of Retailers Commercial Agency, Inc., supra.*

(29)   If the alleged slanderous statements made to the plaintiff were made in response to her inquiry as to why the defendant had declined to cash a check that had been presented with a courtesy card, the said statements made by the defendant were conditionally privileged. *Restatement:* Torts § 595.

(35)   The evidence does not warrant a finding for the plaintiff, Marion M. Foley.

(39)   The evidence requires a finding for the defendant as against the plaintiff, Marion M. Foley.

The trial judge made identical rulings in disposing of the requests of each defendant.

The rulings relating to the requests cited above were as follows:

(17)   I made no such findings that are assumed in this request. See my special findings.

(18)   I made no such findings that are assumed in this request. See my special findings.

(19)   I am not called upon to declare in a ruling whether selected portions of the evidence are contradicted. See my findings as to the genuineness of the explanation.

(20) I do not have to believe evidence because it is uncontradicted. On the evidence which I believed, there was no conditional privilege as a matter of law or fact. In any event, I found that malice and abuse by defendant destroyed any privilege, if it ever existed.

(22) I found malice and abuse of privilege proved as a fact; this plaintiff sustained her burden of proof on those issues. (See, however, my findings as to privilege.)

(24) I found malice; the plaintiff sustained her burden of proof. (See, however, my findings as to privilege.)

(26) My findings show that the defendant acted in bad faith and with malice in uttering the slanderous words. This was sufficient to destroy a privilege, if it ever existed. Malice and bad faith certainly connote ill-will. In that context, whether the defendant also "hated" the plaintiff is of no significance.

(27) Inapplicable in view of my findings. See also my ruling on Request #26.

(28) Inapplicable in view of my findings.

(29) Inapplicable in view of my findings that there was no privilege, and that if a privilege did exist, it was abused by reason of malice.

(35) Denied.

(39) Denied.

There was reported evidence to support the findings of the trial judge which was as follows:

"I find that on February 17, 1961, the plaintiff, Marion M. Foley, accompanied by her son, Brian, visited a store operated by the defendant corporation (First National) at 647 Washington Street, Newton, that she had with her a courtesy card issued by First National to another son, plaintiff, Robert E. Foley, that Mrs. Foley selected some items and put them into a basket, that she then went to a booth where checks were cashed for courtesy card holders, that when her turn in line came, she presented a check of her son, Robert, for $100.00 payable to her along with the courtesy card, that the girl in the booth took out a file card and stated that she could not cash any more checks for Mrs. Foley and referred her to Tarr, the manager, that the latter came to the booth and upon being asked by Mrs. Foley why they were not cashing the check, he said that they couldn't cash any more checks "because there has (or have) been (a) bad check (s)", that at the time these words were uttered by Tarr, there were a number of customers within hearing distance besides her son, Brian, who was close by, that Mrs. Foley thereupon went to a telephone on the side of the booth and called her son, Robert, that she asked Tarr to speak to him over the telephone, that after the conversation, Tarr said that he still would not cash the check, that at some time Tarr showed the card to her, that it contained the words "No More-Bob", that she protested that it was not true

that any checks cashed on the card had not been honored, that thereafter, Tarr returned to the booth and talked to a man (who was identified in the testimony as his superior), that Tarr came out and directed that the check be cashed but said that was the only one that would be cashed.

"Robert Foley testified that he had used the courtesy card previously to cash checks at the First National on many occasions and that no check cashed by it had ever been dishonored, that he spoke to Tarr over the telephone on the date in question at the instance of his mother and that Tarr told him that the First National was not cashing any more checks because of bad checks, that he remonstrated that it must be a mistake but that Tarr was adamant. I find, however, that there was no publication in this instance of the remarks made by the defendant Tarr to anybody but Robert himself.

"The defendants presented no evidence of any dishonored checks.

"I find that the statement by Tarr at the cashing booth that there had been a bad check or bad checks would lead a person hearing those words reasonably to believe that Mrs. Foley was being accused of having cashed a bad check, that this was heard by customers in the vicinity as well as by her son, Brian. I further find that Tarr's words were uttered in the course of his employment as part of his duties as manager of the First National Store, that they were

slanderous in that they imputed a crime on the part of Mrs. Foley, namely, cashing "bad checks" (see G.L. c. 266, § 37), and that she was damaged thereby. I do not find that Tarr was privileged to utter the words he did and even if privileged, such privilege was abused in that I find that Tarr acted with malice in making the statements. I base this on the fact that the reason he gave to Mrs. Foley for ordering that no further checks be cashed on the courtesy card issued to her son was that bad checks had been cashed, when in fact there was no indication on the card of any bad checks having been cashed, and the real reason for his order for no cashing of checks, as he himself testified, had nothing to do with Foley's credit."

The Court found for the plaintiff, Marion M. Foley, in the amount of $350.00 on Counts 1 and 2.

The defendants contend that there was prejudicial error in the rulings made by the trial judge on requests numbered 17, 18, 19, 20, 22, 24, 26, 27, 28, 29, 35 and 39 and in the finding for the plaintiff. In general, the alleged error involved in these requests concerns the questions raised by the defense of privilege and the related question of malice. The defendants contend that they are entitled to know what the finding of the trial judge was on these questions which they cannot determine from the rulings and findings of the trial judge. The defendants further contend that if the trial judge

did in fact find no privilege to exist, there was prejudicial error. Finally, the defendants contend that if the trial judge did in fact find a privilege to exist but also found that the privilege was abused and destroyed, there was also prejudicial error.

The grievances of the defendants fall into four major groups:

(1) That the rulings of the trial judge on requests #20 and 29 were ambiguous and this ambiguity constituted prejudicial error.

(2) That the evidence required a finding that the defendants were conditionally privileged. (Requests #17, 18, 19, 20 and 29.)

(3) That the evidence required a finding that the defendants were not guilty of malice. (Requests #22, 24, 26, 27 and 28.)

(4) That the evidence does not warrant a finding for the plaintiff, and does require a finding for the defendants as against the plaintiff, Marion M. Foley. (Requests #35 and 39.)

Group 1—We fail to see the ambiguity the defendants allege. It is clear to this Division that the trial judge found as a fact that the communication in question was not privileged and that the defendants were guilty of malice. And this malice existed to a degree that would have constituted an abuse of privilege if one had existed. The reference to malice by the

trial judge was a reinforcement of his position that the plaintiff should recover.

Group 2—Privilege is an affirmative defense and the burden of establishing it lies with the defendant.

It is apparent from the finding of the trial judge that the defendants did not sustain the burden of proving privilege. *Bander* v. *Metropolitan Life Insurance Co.*, 313 Mass. 337, 343.

Group 3—The burden of proving malice was upon the plaintiff. *Doane* v. *Grew*, 221 Mass. 171, 182.

In this case, there was evidence to support the finding of the trial judge that the defendants were guilty of actual malice. The defendant manager told the plaintiff in the presence of others that the check she was attempting to cash would not be cashed because of bad checks in the past, although this was not the true reason for such a refusal. In fact, he had no knowledge of bad checks being cashed by the plaintiff or the maker of the check she was attempting to cash. The true reason for his refusal to cash the check was revealed in his testimony. He stated on cross-examination that on a date prior to February 17, 1961, Robert E. Foley came into the store and cashed a check for $100.00 and did not buy any merchandise. For this reason, he wrote on the customer's record card of Robert E. Foley that was kept in the store the words "No More". The defendant manager's failure to give his true reason

for refusing to cash the plaintiff's check constituted such reckless conduct and lack of good faith that the trial judge was justified in finding actual malice. *Retailers Commercial Agency, Inc., Petitioner,* 342 Mass. 515 at 521.

The grievances set out in Group 4 are effectively answered by the findings of the trial judge and require no further comment.

**There being no prejudicial error, the report is dismissed.**

J. ALEX LANE                    WILLIAM B. O'KEEFE
  for the plaintiff              for the defendant